**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

UNITED STATES OF AMERICA                                                                      PLAINTIFF

v.                                              4:16CR00099-DPM

COURTNEY DANIELS                                                                              DEFENDANT

**<u>ORDER</u>**

After a contested hearing on August 19, 2016, I entered an Order Setting Conditions of Release for Defendant Courtney Daniels. (Doc. No. 19.) The evidence at the hearing compelled me to order Mr. Daniels be released to home detention with electronic monitoring. (*Id.* at 2.) At the time of his hearing Mr. Daniels had been unemployed, so I also ordered him to obtain employment within fourteen days. (*Id.*)

On October 5, 2016, I granted Mr. Daniels's Motion to Modify Conditions of Pretrial Release. (Doc. No. 21.) Mr. Daniels stated he was working for RedStone Construction and needed the ability to travel out of town for his job. (Doc. No. 20 at 1-2.)

All seemed to be going well for this Defendant until, on January 12, 2017, I learned Mr. Daniels had been arrested for breaking and entering and burglary. I immediately issued a warrant to act as a detainer should Mr. Daniels obtain a bond in his State case. Mr. Daniels apparently did obtain a bond, but rather than executing my detainer, the jail released Mr. Daniels. On January 17, 2017, I was made aware that Mr. Daniels had been released and I notified his counsel he needed to turn himself in immediately. Mr. Daniels complied and reported to the Probation Office where he was arrested that afternoon. A few hours later, Mr. Daniels appeared for his initial appearance with his counsel, Assistant Federal Defender Latrece Gray. Assistant United States Attorney Alex Morgan appeared for the United States.

Prior to the hearing, I met with Mr. Daniels's supervising pretrial services officer. I inquired

1

how Mr. Daniels could have been engaged in burglary if he was on electronic monitoring with home detention. The officer explained Mr. Daniels had been given extended periods of time away from home for work purposes. She provided a copy of a document that Mr. Daniels submitted to her as proof of his employment. That document, on its face, is fake. For example, the employee number is "123," and the 2016 year to date net pay of $28,591 impossibly suggests a full year of work.

At the initial appearance, I informed Mr. Daniels I believed the document to be fake. I made it an exhibit to the hearing and have attached it as "Exhibit A" to this Order. As explained at the hearing, I have never heard of an individual submitting a fraudulent document to a federal pretrial services officer.

I also explained to Mr. Daniels that he surely knows whether or not the document is fake and there is no need for additional hearings unless there is a fact question regarding the document. In other words, if the document is fake - *as it appears on its face* - for reasons set out more fully below, there is no question that Mr. Daniels must be detained pending his trial. There is also no need to require additional expenditure of public resources to litigate this issue *unless there is a good faith issue of fact*.

Ms. Gray, commendably and zealously advocating for her client, objects to the procedure I followed and argued I was fulfilling the role of the prosecutor. I disagree. The instant issue - whether the document submitted to the pretrial services officer is fake or not and whether Mr. Daniels's bond should be revoked - is between the Court and Mr. Daniels. Moreover, I find nothing in the Bail Reform Act requiring an attorney for the government to prosecute the issue of revocation of release. The Bail Reform Act says, "The attorney for the Government *may* initiate a proceeding for revocation of an order of release by filing a motion with the district court." 18 U.S.C. § 3148(b) (emphasis added). Likewise, "A judicial officer *may* issue a warrant for the arrest of a person charged with violating a condition of release. . . ." *Id.* (emphasis added).

The Act only requires that I ". . . enter an order of revocation and detention if, after a hearing. . ." if I find there is clear and convincing evidence Mr. Daniels violated a condition of his release and is "unlikely to abide by any condition or combination of conditions of release." *Id.* at (b)(1)(B)& (b)(2)(B). If Exhibit A is a fake, unquestionably there is clear and convincing evidence that Mr. Daniels violated his conditions of release and is unlikely to abide by any condition or combination of conditions of release. *Id.*

Therefore, if there is a fact question as to the authenticity of Exhibit A, I will convene a hearing on Thursday, January 19, 2017. Forthwith, counsel for Mr. Daniels shall notify the Court whether or not there needs to be a judicial determination as to the authenticity of Exhibit A. After hearing directly from Mr. Daniels at his initial appearance (and against the wishes of his very able counsel), I realize Mr. Daniels will likely pursue a hearing regardless. But I will only hold a hearing if Ms. Gray, an officer of the Court, submits to me that there is, in fact, a good faith basis to question the legitimacy of Exhibit A.

IT IS SO ORDERED this <u>18th</u> day of January, 2017.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE

**Arkansas Democrat Gazette**
121 E Capitol Ave, Little Rock, AR 72201

**EARNINGS STATEMENT**

| EMPLOYEE NAME / ADDRESS | | | SSN | REPORTING PERIOD | PAY DATE | # 10015 |
|---|---|---|---|---|---|---|
| Courtney Daniels<br>1114 E. 46th St. | | | XXX-XX-0016 | 12/01/2016 - 12/07/2016 | 12/09/2016 | Employee # 123 |
| INCOME | RATE | HOURS | CURRENT PAY | DEDUCTIONS | TOTAL | YTD TOTAL |
| GROSS EARNINGS | 9.00 | 80 | 720.00 | STATUTORY DEDUCTIONS | | |
| | | | | FICA - MEDICARE | 10.44 | 522.00 |
| | | | | FICA - SOCIAL SECURITY | 44.64 | 2232.00 |
| | | | | FICA - FEDERAL TAX | 93.10 | 4655.00 |
| YTD GROSS | YTD DEDUCTIONS | | YTD NET PAY | TOTAL | DEDUCTIONS | NET PAY |
| 36000.00 | 7409.00 | | 28591.00 | 720.00 | 148.18 | 571.82 |

EX A